PER CURIAM.
ON REHEARING
We grant appellant’s motion for rehearing and substitute the following for our opinion filed October 10, 1990:
We affirm on the authority of Dionese v. City of West Palm Beach, 500 So.2d 1347 (Fla.1987). The “private and unilateral” settlement apportionment took place before the probate court without notice to appellees. Id. at 1350. The trial judge properly set-off the undifferentiated lump sum settlement against the total jury *766 award in order to ensure that appellant did not recover twice for the same wrong. Id. Apparently, the probate judge did not know that the wrongful death action against the non-settling defendants had gone to trial and that the jury had determined that the estate was entitled to thirty per cent of the total verdict.[1] Had the probate judge known of the jury verdict we doubt that he would have apportioned as he did: just under six per cent of the total settlement to the estate. If the probate judge had followed the jury’s verdict there would have been a total set off. In any event, the apportionment of a settlement comes too late if done after the jury verdict because the non-settling tort-feasors lose the right to settle, thus frustrating the purpose of section 768.31(5), Florida Statutes (1987).
GLICKSTEIN and GARRETT, JJ., concur.
LETTS, J., dissenting without opinion.

. Appellant argued to the trial judge that the probate court did not base its apportionment of the settlement funds on the jury’s verdict and even if the probate judge had known of the jury’s verdict he would have made the same apportionment because the verdict was clearly erroneous.