SHEPHERD, J.,
concurring in part and dissenting in part.
I concur in Part II.B of the majority opinion, holding that pre-judgment interest on the amount of the settlement proceeds recovered by Escadote I Corp. from Ocean Three Condominium Association should be calculated from the date of the settlement. However, I respectfully dissent from Part *1066 II.A, in which the majority reverses the order of the trial court setting off the full $875,000 settlement sum against the jury verdict based upon a private agreement between the parties about which we know nothing, not even the date the deal was struck. In fact, the only written evidence the parties deigned to supply this court confirming their settlement is a general release signed by Eseadote I more than thirty days after the end of the trial in which Eseadote I acknowledged “receipt” of the an undifferentiated $375,000 in consideration of the release.
On the record as we have it, we cannot decipher why the trial court ruled as it did. Although the settlement agreement was exhibited to the trial judge at the hearing on the motion for collateral set-off, Esea-dote elected not to trust this court with a copy of this all-important document “because of concerns regarding confidentiality.”[6] Not only that, we also are not favored with a transcript of the hearing on the Developer’s and Contractor’s joint motion for set off. It may be that the facts as they unfolded at the hearing revealed the apportionment was an afterthought. See Alexander v. Seaquest, Inc., 575 So.2d 765 (Fla. 4th DCA 1991) (“[T]he apportionment of a settlement comes too late if done after the jury verdict because the non-settling tortfeasors lose their right to settle, thus frustrating the purpose of section 768.31(5), Florida Statutes 1987.”). It may be the hearing revealed that the apportionment was not reached as a result of an arms-length negotiation, that the amounts of the respective allocations could not be substantiated, or that it was executed after the general release and therefore unenforceable. It seems apparent on the record as we have it that it is unlikely the Association had any particular interest or care in whether or how the settlement amount was allocated. All we have from the trial court on the motion and hearing thereon is a one-line trial court order stating that the motion for collateral set-off is “granted.”
Eseadote has the burden of demonstrating error in the record of the proceedings. All we know from the record in this case is that at some unknown time the condominium unit owner and its governing body made a private agreement to allocate $375,000 in settlement funds, $500 to “damages” and $374,500 to attorney’s fees. Eseadote I and the Association agree that at least some part of the settlement proceeds must be assigned to the defendants’ joint and several liability to Eseadote I. Where an apportionment agreement is unenforceable, the entire amount of the settlement is set off against the jury verdict. See Dionese v. City of West Palm Beach, 500 So.2d 1347 (Fla. 1987). Eseadote I has not brought us a sufficient record to overturn the decision of the trial court. For this reason, I respectfully dissent from Part II.A of the majority opinion.

. The writer hopes he can be forgiven if he takes offense at Escadote’s lack of trust in the ability of this court to maintain confidentiality of documents submitted to us on appeal. The courts of this state regularly receive documents, and in certain types of cases complete case files, under seal.